This case brings forth a question of law that this court has absolute authority over. The question becomes is, which conviction, in a ground of removability, the non-citizen is found to be removable upon a conviction of a specified crime. So the question then becomes is, which conviction? The conviction definition, as the administrative law is allowed to do, is defined, 8 U.S.C. 1101-A48, as a judgment or finding of guilt. But in Mr. Azrag's case, there are two, as the government would indicate. However, one was vacated by a proper, legally sound state court action that removed the first conviction, and then it was replaced with a second one. So the question becomes is, which conviction controls? Which is the conviction? So in this case, we would posit that it is the last conviction, especially where the state court process should be upheld. It's not erroneous. It follows state court law. It was appropriate in all matters. The board's decision below, in this case, isn't due any deference in the sense that all it focuses on is the judge's decision. And they posit, well, the judge's decision should say this, or the judge's decision should say that. But as occurs in either a federal district court or a state court, counsel walks in. I was going to start this argument with two attorneys walk into a courtroom, but I didn't really want to sound like a punchline. In the sense that two attorneys do walk into a courtroom. They have one document that they've agreed to. They've agreed to the facts. They've agreed to the law. They've agreed to the outcome. They present it to the judge. The judge reviews that document, finds it legally sound, finds their arguments appropriate and in balance with what they asked to occur. And then the decision simply says, I've reviewed the record, I've listened to the statements of counsel, and I'm granting the motion. In that moment, the judge's decision doesn't need to allude to what chapter of the law, because it's in the motion. It doesn't need to make a specific finding. It doesn't need to for the purposes of the state court action, but the burden is on the petitioner in front of the BIA to reopen to produce evidence, right? Correct. So any additional evidence produced below would aid in that burden, correct? I mean, I don't take the government to be arguing that somehow the state court proceeding was defective in any way. I don't think that's the case. It's simply that there was not, you did not, your petitioner, the petitioner did not carry his burden in front of the board, producing the evidence that maybe wasn't required in the state court proceeding. Two points to that, Your Honor. One, I don't think there's a shred of statutory authority to say that Pickering is due any deference. Well, counsel, you didn't challenge that before the BIA. Sorry to step on your question for a second. You didn't challenge that before the BIA, so is that in front of us? I think it is. Does this feel that we have to assume that Pickering's okay? Well, you've never before. The court, this court's never viewed Chevron or adopted Pickering. So I think in that point, Loper-Bright opens things up in that sense. So to that end. Have we never, have we never adopted it or have we applied Pickering before? In Zazueta, you give it passing reference, but you don't adopt it. Other circuits have, correct? Other circuits have, but this court hasn't. There's never been a Chevron deference analysis to the definition. Nor will there be. Nor will there be, absolutely. And neither have you formally adopted Pickering. Again, Zazueta gives it passing reference. Andrade Zamora is really what blends itself here appropriately. This court looked at a decision that was probably similarly terse, but they didn't have the motion. Well, I'm not so sure, counsel, that in Andrade Zamora, our application of Pickering wasn't necessary to the result of that case. In which case it would be holding and not dictating. Perhaps, Your Honor. But I think the idea is let's step back a second and apply Pickering. I think Pickering, our case passes muster. Because we've given the board the motion. The board has the evidence that was before the judge. I think that's a better argument, counsel. It's my understanding that under Kansas law, they had to have dismissed, well, they can't allow a withdrawal of a plea other than for reasons than the merits of the proceeding, underlying proceeding. Correct, Your Honor. Post-sentencing. But you do have the burden of proof. So how would the BIA have known that? The BIA knows that because we argued both Edgar and Aguilar. Well, the BIA knew that because they had a Pickering quality or level motion and judgment before them. And again, to my two attorneys in a courtroom, the judge is adopting that motion. The board seems to believe that the judge's decision must stand alone in its relevance. And they don't seem to understand that in everyday court processing, courts around this state, Kansas, that the process is here's the motion. The judge looks at it and goes, I'll grant that motion. I find it to be sound. I find the logic to be sound. And whether that judge can be swayed to write the decision in that clarity or simply writes a decision that says, viewing the record below, I grant. But then the record below is the evidence. The judge isn't required to write a full-blown analysis because they had, the board had, you have, the motion below. And so in that sense, that's the evidence that's necessary to reach Pickering, if Pickering is necessary at all. Because otherwise, if you go back as far as Oscok, and prior to this, the board and its progeny all gave deference to state court processes, absent a motive of immigration or non, to say that if it was vacated, it's now non-effective for immigration purposes. Now, could this court return to that status? I believe Loper-Bright gives you a broad open door to do any analysis that you wish. But in this particular case, I think the ground is clear that the conviction was overturned for ineffective assistance of counsel. The statutory process is similar in the sense that to overturn a case post-sentencing in Kansas, you have to reach a Strickland standard. So now we're on par with Padilla, also a Strickland standard. If we've met a Strickland standard, then we're at ineffective assistance of counsel, and the Supreme Court said that's appropriate. As we brought forward in our brief, the further question that supports the last conviction wins is footnote 5 in Malouli, which acknowledges that a plea can be constructed to avoid an immigration consequence. If a plea can be constructed in the inception to avoid an immigration consequence, then why can't it, upon realizing you've been the victim of ineffective assistance of counsel, why can't you construct a plea because you've reached Strickland-level ineffectiveness, and now that secondary plea is the plea you would have taken had you known better, had you had better counsel? So in that sense, we believe that this is, I don't want to say straightforward, nothing is straightforward, but it's a clear example of an ineffective assistance of counsel plea removed for manifest injustice that at very minimum meets a Pickering standard and should be allowed to be the secondary conviction, should be allowed to be the controlling conviction in this matter, and that Mr. Osrog is no longer removable. If there aren't any further questions, I'll reserve the rest of my time. You may. Thank you. Mr. Tennyson. Good morning. May it please the Court. So a Vedicator of a conviction for immigration purposes did not vitiate that conviction under 1101A48A of the statute. That's true whether or not there's a second conviction that comes along after or not. The petitioner here had the burden to establish that the Vedicator was not for immigration. It was for, I guess, what? Procedural or material defect in the underlying procedure. Would you agree that under Kansas law that's what it had to have been? Under Kansas law, my understanding of Section 223210D2 requires a manifest injustice, but the thing is is that the standard for that is there aren't any definite factors. It's a discretionary determination of the judge. And presumably when you have two attorneys coming in, they can agree to anything and they come before the judge. And it's not, you know, it can be manifest injustice because of the immigration consequences themselves, for instance. So as a result, the statute doesn't determine how this is going to flow one way or the other. Also, you know, that statute wasn't referenced in the decision vacating the conviction in this case. But it was in the motion, wasn't it? In the motion, there is no reference to the statute. There is a reference to the Edgar factors. So, yes, Your Honor. But that does not necessarily entail that, you know, given the breadth of the factors, that this was vacated because of ineffective assistance of counsel as opposed to purely avoiding the immigration consequences of the deportation of the petitioner back to Sudan. And, again, it is his burden to come in to the, you know, to come before the board and establish that this is not a conviction for immigration purposes. Could the petitioner have submitted additional evidence in the way of affidavits and the like from counsel at the board level or not? He certainly could have. I mean, there's nothing that says that he could not have submitted all of that. So the government's position is not that it all had to be submitted and in the record in the state court proceeding. It could have been submitted in front of the board, additional evidence to prove up their case. Yes, Your Honor. His case. His case. And he could have done it in either place. He could have gone before the district court and had an affidavit from, you know, from the defendant or from the petitioner in this case setting out all of these things. He could have had a record of the agreement with the attorney in the case that was presented to the judge. He could have filled out all of those things. Or subsequently, when he files his motion, he could have provided all of that information. Instead, we have this motion with just the, I guess, what? Four documents that are included. And that they aren't sufficient, the board reasonably found, to show that this, you know, that this vacator wasn't for immigration purposes. And what's our standard review on that decision? Standard review of the board's denial of a motion to reopen is an abuse of discretion. But did the board make a legal conclusion that the documents in state court in this case were not sufficient? Is that a de novo review? I still think it's an abuse of discretion, Your Honor. I mean, the thing is, the question is whether or not it met the, you know, I guess what you'd call it, cleared the burden of proof for reopening and termination in the case. Because the petitioner isn't just asking for the case to be reopened. He's asking specifically for it to be reopened and terminated, which is a, which, I guess, what? It's a final decision out of the immigration court. So that would mean that he has to meet his burden of proof there, and that's a factual determination. In the context of the motion to reopen, that's reviewed for an abuse of discretion. I've been assuming, it just first time hit me in all this case, that the state of Kansas, local district attorney or whoever, did not file anything in response to the motion to recall a warrant and withdraw a plea. Insofar as what we've got in the record, that is correct. So the motion was filed, and then the final court order references agreement of the parties, right? That is correct, Your Honor. Is there any evidence about Kansas' agreement to anything? I don't see any evidence. Let me double check in here, but what you have is what we've got. So if it's not there, let me look again. I don't remember it, but there's just the vacator, the second complaint, and there's his new plea agreement. Are the words, noting the agreement of parties, a finding of fact by the Kansas judge? Right. You think it is a finding of fact? That noting the agreement of parties, I believe it is a finding of fact. That there was an agreement. That there was an agreement, but we don't know what the contours of that agreement were. Except by the motion I just referred to. All we have is that motion.   And insofar as the board is concerned, and it can make this, it can draw this determination on the burden of proof. It doesn't abuse its discretion in assessing the burden of proof here. It can conclude that there's not enough there to show that this vacator was not for immigration purposes. What about the later, you call these findings? That there's a plea agreement. There is a plea agreement. The plea agreement is not referenced in the motion, is it? Correct me if I'm wrong. It is, or at least there's some reference to the subsequent plea, right? The vacator is conditional on that. But they don't mention a plea agreement in the motion. Let me double check. I don't believe they do. Right. Successful entry of the plea agreement to which the court understands has already been negotiated. Yes, you're right. It's the second page. Go ahead.  So, given that the petitioner hasn't met the burden of proof here, and this court has held, Andrade, for instance, that a vacator for immigration purposes is not going to vitiate a conviction under 1101A48A. There's no reason. The board's decision stands. Does this court have any other questions for me, or anything about the reissuance? Seeing none, thank you for your argument. All right. Thank you so much. Mr. Sharma Crawford, we're back to you. Counsel made an interesting point in the sense that a vacator doesn't vitiate a conviction under 1101A48. But the statute doesn't say that. The statute just says a conviction. So the question becomes, and back to, what is the conviction? Which conviction counts? In this instance, we have two convictions in the state court that there is a record of, one of whom has been vacated. One is now the respondent has paid, or petitioner is paying the penalty of. Of course, counsel, a plea of guilty is enough, right? No. Well, it's in the or. A judge and jury has found guilty, or the alien has entered a plea of guilty. And a judge has imposed restrictions on his liberty, I believe is the second part of that. Yes, second part. Yes. Yes, a plea of guilty is sufficient to trigger conviction. But if that initial conviction is vacated, then it does not exist. Now, the piece to, the analogy would be a Missouri SIS. However, a Missouri SIS, there's a plea of guilt and a finding of guilt, and the imposition of restrictions by the judge. And then it later goes away by operation of statute. So in that sense, the two prongs have already been met. Here, a judge went back and said, these first two prongs have been vitiated by an underlying bad act. So it isn't the operation of statute that makes it disappear from the record. Here, it is a judgment by a court that makes those factors disappear. To me, that's the difference. So that's why a Missouri SIS is a conviction. But yet, this first conviction of Mr. Osrog would not be a conviction because it was vacated by a court. Thanks for speaking Missouri. Proceed. I caught the Minnesota earlier, Your Honor. I was paying attention. I don't speak that language. Well, I don't have a Nebraska. I'll get it later. I apologize. But in Nebraska, attorneys do walk in. They do vacate convictions because attorneys do violate their duties and their obligations below. It happens. And to the court's other question, I don't believe I could have presented an affidavit or other evidence to the board in the motion. We had a record that was sufficient, in my eyes, reading Pickering, that we filed with the board. And to add anything else to that would have left the board in a series of fact-finding, which the board cannot do. So we showed that this first had been vacated in accordance with the board's current precedent and that it was sufficient to remand the matter back to the immigration judge or terminate it, whichever they saw fit. So let me just be specific here. What specifically precluded you from submitting additional evidence to the BIA? Is there a rule? Is there a case from the BIA? Is there just a practice? In this case, two things. First, my belief in stating that even if I had a statement from counsel, even if we'd had a different order from the court. Right, but your belief is not what I'm looking for here. No, no. I would not have submitted it because it would have been fact-finding. We didn't have one. Below counsel or the first criminal defense attorney wasn't communicating with post-conviction relief counsel. There was no statement to be had. The judge's decision was the judge's decision, and sometimes state court judges don't want to change. They want to write things the way they write.  Was that in this case or not? Yes. The judge was unswayed in the way he was going to write a decision. That was his decision. And it was my – I was being advised by post-conviction relief counsel because I don't practice in that area. Their belief was this judge was not going to give them anything different. Would I have loved to have had the perfect bow tie? Absolutely. But I thought the motion was sufficient to counter any issues that were in Pickering. And so that's why it was included in the decision. If the judge's decision had been thorough enough, there wouldn't have been a need to put the motion in, but the motion encapsulated everything. Again, why was there no government response? Because it was arguably included in the motion in the paragraph that said the government and defense counsel have communicated and agree to this. So there was no official response from the government. So in that sense, we would ask this court to remand this matter back. We believe that this conviction or this vacature is sufficient to vitiate the initial conviction and that the conviction that he's now been convicted of – we're using that word a lot – is sufficient. Seeing no other questions. Thank you, gentlemen. Thank you, both counsel, for your argument. Both cases, 24-1560 and 24-3544, are submitted for decision by the state. Please go ahead and call the third case.